NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUS RAYMOND PRATOMO, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-71671 Agency No. A078-113-194 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Agus Raymond Pratomo, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that the incidents Pratomo experienced in Indonesia, considered cumulatively, do not rise to the level of persecution on account of his Chinese ethnicity and Christian religion. *See id.* at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Pratomo has not shown sufficient individualized risk of harm to establish a well-founded fear of future persecution. *See Halim*, 590 F.3d at 977-79. Thus, Pratomo's asylum claim fails.

Because Pratomo failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Pratomo failed to show it is more likely than not he would be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Pratomo's

14-71671

contention that the agency failed to consider record evidence.   Thus, Pratomo's

CAT claim fails.

**PETITION FOR REVIEW DENIED.**